O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MILLER, | ) Case No. CV 09-09551 DDP (JEMx) |
| Plaintiff, | ) **Order Denying Plaintiff's Motion to Remand (Dkt. No. 12.)** |
| v. | ) [Motion filed on January 25, 2010] |
| SWISS RE UNDERWRITERS AGENCY, INC.; SWISS REINSURANCE AMERICA CORPORATION, | ) |
| Defendants. | ) |

Presently before the Court is Plaintiff Shawn Miller's Motion to Remand. Miller filed this action in Los Angeles Superior Court, alleging disability discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't. Code §§ 12900 *et seq.* She initially named Swiss Re Underwriters Agency, Inc. ("SRUA") as a defendant, and later, in response to information provided by defense counsel, added Swiss Reinsurance America Corporation ("SRAC"). Defendants removed the case to federal court on the basis of diversity of citizenship, and Plaintiff then filed this Motion to Remand.

The Court is satisfied that the parties are diverse, and removal was proper. Plaintiff is a citizen of California. For

diversity purposes a corporation is a citizen of both the state where it is incorporated and the state where it maintains its principal place of business, with the corporation's principal place of business determined by the location of its headquarters or "nerve center." <u>Hertz Corp. v. Friend</u>, No. 08-1107, 2010 WL 605601, at *11-13 (U.S. Feb. 23, 2010).[1]

SRAC is incorporated in New York. Its corporate headquarters is in New York and its Chief Executive Officer works there. SRAC's primary administrative functions, including Human Resources, Legal, Logistics, and Information Technology, among others, are, in large part, handled out of New York. Accordingly, the Court is persuaded that SRAC is a citizen of New York, and not of California.

SRUA is a California citizen, but for the reasons set forth below, the Court is persuaded that SRUA was fraudulently joined.

"Although an action may be removed to federal court only where there is complete diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b), 'one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.''" <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001)). Joinder is fraudulent "'[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" <u>Hamilton Materials, Inc. v. Dow Chem. Corp.</u>, 494 F.3d 1203, 1206

---

[1] Plaintiff filed her Motion to Remand <u>before</u> the Supreme Court decided <u>Hertz Corp.</u> In light of that decision, the Court treats Plaintiff's arguments regarding SRAC's citizenship under pre-<u>Hertz Corp.</u> (and now overruled) Ninth Circuit precedent as moot.

(9th Cir. 2007) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)) (alteration in original). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

Generally, federal courts "look only to a plaintiff's pleadings to determine removability." Gould v. Mut. Life Ins. Co. Of N.Y., 790 F.2d 769, 773 (9th Cir. 1986). In cases where a removing defendant alleges fraudulent joinder, however, the defendant is entitled to present facts showing that an "individual[] joined in the action cannot be liable on any theory." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).

From May 2000 through December 2007, Plaintiff was an employee of SRUA. Following a corporate reorganization in December 2007, Plaintiff was no longer on SRUA's payroll, and as a formal matter, she was an employee of SRAC. The conduct that forms the basis of her complaint occurred after May 2009, long after Plaintiff was reclassified as an employee of SRAC. Further, the supervisors that she identifies in the complaint (and accuses of engaging in retaliatory conduct in violation of FEHA) were, at all relevant times, employees of SRAC – not SRUA. Indeed, since the December 2007 reorganization, SRUA has not had any employees on its payroll.

Plaintiff does not provide any competent evidence to contradict the facts listed above. She contends, however, that

1  SRAC and SRUA amount to an "integrated enterprise," and thus, under
2  FEHA, SRUA is properly a defendant in this action.[2]
3       "The federal courts have developed a test, derived from
4  federal labor case law, to determine whether two corporations
5  should be considered a single employer for Title VII purposes.
6  Commonly called the 'integrated enterprise' test, it has four
7  factors: interrelation of operations, common management,
8  centralized control of labor relations, and common ownership or
9  financial control." Laird v. Capital Cities/ABC, Inc., Cal. Rptr.
10 2d 454, 460 (Ct. App. 1998).  California courts have applied the
11 integrated enterprise test in the context of a FEHA claim. Id.
12      In support of her integrated enterprise theory, Plaintiff
13 contends that SRAC and SRUA share a common parent (Swiss Re America
14 Holding Corporation) and management structure.  She also appears to
15 contend that, because her job duties and office location did not
16 change after the reorganization that shifted her onto SRAC's
17 payroll, questions of fact remain regarding whether SRUA continued
18 to employ her.
19      Plaintiff's reliance on Laird, and the integrated enterprise
20 test more broadly, is misplaced.
21      In Laird, the court considered whether a parent corporation
22 and its subsidiary were a single integrated enterprise for the

---

[2] Plaintiff's opening brief also argues that she was an employee of both SRUA and SRAC during the time period relevant to the complaint (i.e., that SRUA and SRAC amounted to a "joint employer").  Her reply brief, however, addresses only the integrated enterprise theory.  Because Plaintiff has provided no competent evidence that SRUA had the right to fire or hire her, supervise her work, set her work schedule, or otherwise establish the terms and conditions of her employment, the Court is convinced that SRUA cannot have been a joint employer under FEHA.

4

1  purposes of FEHA. In setting forth the relevant legal standard,
2  the court stated the following:
3  > An employee who seeks to hold a parent corporation liable for
   > the acts or omissions of its subsidiary on the theory that
4  > the two corporate entities constitute a single employer has a
   > heavy burden to meet under both California and federal law.
5  > Corporate entities are presumed to have separate existences,
   > and the corporate form will be disregarded only when the ends
6  > of justice require this result. In particular, there is a
   > strong presumption that a parent company is not the employer
7  > of its subsidiary's employees.
8  Laird, 80 Cal. Rptr. 2d at 460 (internal citations omitted). The
9  court further stated that the integrated enterprise test requires a
10 showing that the parent exercises control over the subsidiary "'to
11 a degree that exceeds the control normally exercised by a parent
12 corporation.'" Id. (quoting Frank v. U.S. West, Inc., 3 F.3d 1357,
13 1362 (10th Cir. 1993)).
14     Plaintiff does not argue that SRUA is SRAC's parent or vice
15 versa. He contends instead, without reference to any authority,
16 that SRUA and SRAC's common parentage renders the two subsidiaries
17 a de facto joint enterprise. The argument stretches the
18 interrelated enterprise test too far. The test hinges on whether
19 one entity exercises an unusual degree of control over another
20 legally separate, but related entity. That a third entity, not
21 named as a defendant, exercises control over both entities is not
22 sufficient.
23     SRUA has not had any employees on its payroll since December
24 23, 2007. Its only connection to SRAC is the two entities' common
25 parentage, and the fact that, prior to December 2007, many of
26 SRAC's current employees were classified as SRUA employees. These
27 facts are not sufficient to establish that SRUA and SRAC function
28 as an integrated enterprise.

5

1    Having concluded that SRUA was fraudulently joined, the Court
2 dismisses Plaintiff's claims against SRUA with prejudice, and
3 DENIES Plaintiff's Motion to Remand.

IT IS SO ORDERED.

Dated: March 15, 2010

DEAN D. PREGERSON
United States District Judge